# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 8TH WONDER PICTURES, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CLEAR DISTRIBUTION, LLC, a California limited liability company; CLEAR ENTERTAINMENT, LLC, a Wyoming limited liability company; SPECTER ENTERTAINMENT, LLC, a Wyoming limited liability company; and DAVID RAYMOND BROWN, an individual,<br><br>Defendants. | Case No.: 2:21-cv-00726-DSF-JEMx<br><br>Hon. Judge Dale S. Fischer<br><br>**STIPULATED JUDGMENT BY CONSENT** |

After considering the Stipulation of Plaintiff 8th Wonder Pictures, LLC ("8th Wonder"), on the one hand, and Defendants Clear Distribution, LLC ("Clear Dist."), Clear Entertainment, LLC ("Clear Ent."), Specter Entertainment, LLC ("Specter"), and David Raymond Brown ("Brown"), on the other hand (collectively, the "Parties"), and for good cause appearing,

**IT IS HEREBY ORDERED:**

1. That judgment be entered in this action in favor of 8th Wonder against Clear Dist., Specter (as guarantor), and Clear Ent. (as guarantor), jointly and severally, for the unpaid principal, interest, and enforcement costs on the secured loan from 8th Wonder to Clear Dist. relating to the motion picture known as "Son of the South," in the amount of $1,730,927.08, plus accruing interest at the default rate of interest as set forth in the "SOTS Loan Documents," as defined in the in the Parties' Confidential Settlement Agreement, and actual, verifiable attorneys' fees with a cap of $250,000, less any monies received in the Receivership by 8th Wonder from Joel B. Weinberg ("Receiver"), the Court-appointed Receiver, in this action.

2. That, subject to the continued compliance with the terms of the Parties' Confidential Settlement Agreement, enforcement of this action shall be stayed as against Defendant Brown, and enforcement of this judgment shall be stayed, both for 90 days from the date of full execution of the Parties' Confidential Settlement Agreement, and the ancillary documents referenced therein (the "Stay Period").

3. That the Receiver shall remain appointed as after entry of this Judgment pursuant to the Order Appointing Post-Judgment Receiver to Enforce Judgment and Permanent Injunction in Aid Thereof, to enforce this judgment and to continue to preserve, recover, and collect property of Clear Dist., provided that the Receiver shall stay all actions against the Parties (including, without limitation, for contempt), during the Stay Period, provided that the Parties comply with their obligations under the Confidential Settlement Agreement. Upon receiving full payment pursuant to this judgment, 8th Wonder shall seek leave of Court to withdraw the Receiver.

**STIPULATED JUDGMENT BY CONSENT**     Case No. 2:21-cv-00726-DSF-JEMx

4. That nothing in this judgment shall limit the terms of the Parties' Confidential Settlement Agreement or otherwise impair the performance or enforcement of the terms of the Parties' Confidential Settlement Agreement.

5. That the Parties shall be subject to the jurisdiction of this Court in connection with any dispute relating to or arising out of the enforcement of the terms of this judgment.

IT IS SO ORDERED.

DATED: May 10, 2021

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE